The Honorable

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OMA CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> TEAMSTERS LOCAL 174, <br><br> Defendant. | Case No. <br><br> **COMPLAINT** |

## I  JURISDICTION AND VENUE

1.  This lawsuit is authorized and instituted pursuant to Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185(a) (the "Act"). Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 185(c). An actual controversy exists in that Defendant has breached express contractual obligations set forth in the Collective Bargaining Agreement between Plaintiff and Defendant.

2.  Venue is proper in this District, pursuant to 29 U.S.C. §§ 185(c), as this is the District in which Plaintiff operates and does business, where Defendant is engaged in acting for its employee members, and where the actions in breach of the CBA have occurred.

COMPLAINT

CASE NO.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

## II.  PARTIES

3. Plaintiff OMA Construction, Inc. ("OMA" or the "Employer") is a corporation organized in the State of Washington. OMA operates in King County, Washington and is qualified to do business in the State of Washington. OMA provides construction services, including for the Sound Transit Sounder Commuter and Link Light Rail Projects.

4. Defendant International Brotherhood of Teamsters, Local 174 ("Local 174") is, and at all relevant times has been, a voluntary association consisting of numerous members and existing for the purpose, in whole or in part, of engaging in collective bargaining on behalf of its members and to otherwise deal with employers of labor for the mutual aid and protection of its members. By reason thereof, Defendant Teamsters International Union is a "labor organization" within the meaning of Section 2(5) of the Act.

## III.  PROJECT LABOR AGREEMENTS

5. OMA and Defendant are parties with intent to be bound by the Sound Transit Central Puget Sound Regional Transit Authority Project Labor Agreement for the Construction of Sounder Commuter and Link Light Rail Projects (the "Sound Transit PLA"). A true and correct copy of the Sound Transit PLA is attached as **Exhibit A** and incorporated by reference.

6. The Sound Transit PLA, in Section 15.1, Work Stoppages and Lockouts, states: "During the term of this Agreement there shall be no strikes, picketing, work stoppages, slow downs or other disruptive activity for any reason by the Union, its applicable Local Union or by any employee, and there shall be no lockout by the Contractor. Failure of any Union, Local Union or employee to cross any picket line established at the Project site is a violation of this Article."

7. The Sound Transit PLA, in Section 15.2, Work Stoppages and Lockouts, states: "The Union and its applicable Local Union shall not sanction, aid or abet, encourage or continue any work stoppage, strike, picketing or other disruptive activity at the Contractor's project site and shall undertake all reasonable means to prevent or to terminate any such activity. No

COMPLAINT - 2

CASE NO.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

employee shall engage in activities which violate this Article. Any employee who participates in or encourages any activities which interfere with the normal operation of the Project shall be subject to disciplinary action, including discharge, and if justifiably discharged for the above reasons, shall not be eligible for rehire on the Project for a period of not less than ninety (90) days."

8. OMA and Defendant are parties with intent to be bound by the Project Labor Agreement Between the Port of Seattle and Seattle/King County Building and Construction Trades Council Southwest Construction Alliance II (the "Port of Seattle PLA").  A true and correct copy of the Port of Seattle PLA is attached as **Exhibit B** and incorporated by reference.

9. The Port of Seattle PLA, in Article 6, Section 1, Work Stoppages and lockouts, states:  "During the term of this PLA there shall be no strikes, picketing, work stoppages, slowdowns or other disruptive activity for any reason by the Union, its applicable Local Union or by any employee, and there shall be no lockout by the Contractor on Covered Projects. Failure of any Union, Local Union or employee to cross any picket line established at the Covered Project site is a violation of this Article."

10. The Port of Seattle PLA, in Article 6, Section 2, Work Stoppages and Lockouts, states:  The Union and its applicable Local Union shall not sanction aid or abet, encourage or continue any work stoppage, strike, picketing or other disruptive activity at the Contractor's Project site and shall undertake all reasonable means to prevent or to terminate any such activity. No employee shall engage in activities which violate this Article. Any employee who participates in or encourages any activities which interfere with the normal operation of the Project shall be subject to disciplinary action, including discharge, and if justifiably discharged for the above reasons, shall not be eligible for rehire on the Project for a period of not less than ninety (90) days."

COMPLAINT - 3

CASE NO.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

11. OMA and Defendant are parties with intent to be bound by the Seattle Public Schools Student and Community Workforce Agreement (the "SCWA"). A true and correct copy of the SCWA is attached as **Exhibit C** and incorporated by reference.

12. The SCWA, Article XVI, Section 1, No Strikes, No Work Stoppages, and No Lockout, states: "For the project covered by this SCWA, there shall be no strikes, picketing, work stoppages, slowdowns or other disruptive activity for any reason by the Union, any applicable local Union or by any worker, and there shall be no lockout by the Contractor. Failure of any Union, local Union or worker to cross any picket line established at Covered Project sites violates this Article."

13. The SCWA, Article XVI, Section 2, No Strikes, No Work Stoppages, and No Lockout, states: "The Union and every applicable local Union shall not sanction, aid or abet, encourage or continue any work stoppage, strike, picketing or other disruptive activity at the Contractor's project site and shall undertake all reasonable means to prevent or to terminate any such activity. No worker shall engage in activities that violate this Article. Any worker who participates in or encourages any activities that interferes with normal operations on a Covered Project, shall be subject to disciplinary action, including discharge, and if justifiably discharged shall not be eligible for rehire on the project for a period of not less than ninety (90) days."

14. OMA and Defendant are parties with intent to be bound by the King County Department of Natural Resources and Parks Wastewater Treatment Division Community Workforce Agreement for the Georgetown Wet Weather Treatment Station Project (the "KCCWA"). A true and correct copy of the KCCWA is attached as **Exhibit D** and incorporated by reference.

15. The KCCWA, Article 18.1, No Strike – No Lockout, states: "During the term of this CWA there shall be no strikes, picketing, work stoppages, slowdowns or other disruptive activity for any reason by the Union, its applicable Local Union or by any employee, and there

COMPLAINT - 4

CASE NO.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

shall be no lockout by the Contractor. Failure of any Union, Local Union or employee to cross any picket line established at the Project Site is a violation of this Article."

16. The KCCWA, Article 18.2, No Strike – No Lockout, states: "The Union and its applicable Local Union shall not sanction, aid or abet, encourage or continue any work stoppage, strike, picketing or other disruptive activity at the Contractor's project Site and shall undertake all reasonable means to prevent or to terminate any such activity. No employee shall engage in activities which violate this Article. Any employee who participates in or encourages any activities which interfere with the normal operation of the Project shall be subject to disciplinary action, including discharge, and if justifiably discharged for the above reasons, shall not be eligible for rehire on the Project for a period of not less than ninety (90) days."

17. OMA and Defendant are parties with intent to be bound by the City of Seattle City Purchasing and Contracting Services Community Workforce Agreement with Seattle Building and Construction Trades Council and the Northwest National Construction Alliance II (the "City of Seattle CWA"). A true and correct copy of the City of Seattle CWA is attached as **Exhibit E** and incorporated by reference.

18. The City of Seattle CWA, Article VII, Section 1, Work Stoppages and Lockouts, states: "During this CWA, there shall be no strikes, picketing, work stoppages, slowdowns or other disruptive activity for any reason by the Union, any applicable local Union or by any worker, and there shall be no lockout by the Contractor. Failure of any Union, local Union or worker to cross any picket line established at Covered Project sites violates this Article."

19. The City of Seattle CWA, Article VII, Section 2, Work Stoppages and Lockouts, states: "The Union and every applicable local Union shall not sanction, aid or abet, encourage or continue any work stoppage, strike, picketing or other disruptive activity at the Contractor's project site and shall undertake all reasonable means to prevent or to terminate any such activity. No worker shall engage in activities that violate this Article. Any worker who participates in or encourages any activities that interferes with normal operations on a Covered Project, shall be

COMPLAINT - 5

CASE NO.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

subject to disciplinary action, including discharge, and if justifiably discharged shall not be eligible for rehire on the project fora period of not less than ninety (90) days."

## IV. COLLECTIVE BARGAINING AGREEMENT

20. OMA and Defendant are parties with intent to be bound by a Collective Bargaining Agreement in effect from August 1, 2019 to May 31, 2022, and which covers the work performed by OMA subject to the PLA (the "CBA"). A true and correct copy of the CBA is attached as **Exhibit F** and incorporated by reference.

21. The CBA, in Section 13.01, Settlement of Disputes, states: "In cases of violation, misunderstandings or differences in interpretation or other disputes arising under this Agreement, there shall be no reduction or stoppage of work."

## V. CLAIM FOR BREACH OF PROJECT LABOR AGREEMENTS

22. On or about December 3, 2021, during the term of the Sound Transit PLA, Defendant initiated a work stoppage and/or strike as anticipated by the terms of the Sound Transit PLA.

22. On or about December 3, 2021, during the term of the Port of Seattle PLA, Defendant initiated a work stoppage and/or strike as anticipated by the terms of the Port of Seattle PLA.

23. On or about December 3, 2021, during the term of the SCWA, Defendant initiated a work stoppage and/or strike as anticipated by the SCWA.

24. On or about December 3, 2021, during the term of the KCCWA, Defendant initiated a work stoppage and/or strike as anticipated by the KCCWA.

25. On or about December 3, 2021, during the term of the City of Seattle CWA, Defendant initiated a work stoppage and/or strike as anticipated by the City of Seattle CWA.

26. Defendant's conduct is in breach of the Sound Transit PLA.

27. Defendant's conduct is in breach of the Port of Seattle PLA.

28. Defendant's conduct is in breach of the SCWA.

COMPLAINT - 6

CASE NO.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

29. Defendant's conduct is in breach of the KCCWA.

30. Defendant's conduct is in breach of the City of Seattle CWA.

31. Plaintiff OMA has sustained monetary damages as a result of Defendant's breach of the Sound Transit PLA.

32. Plaintiff OMA has sustained monetary damages as a result of Defendant's breach of the Port of Seattle PLA.

33. Plaintiff OMA has sustained monetary damages as a result of Defendant's breach of the SCWA.

34. Plaintiff OMA has sustained monetary damages as a result of Defendant's breach of the KCCWA.

35. Plaintiff OMA has sustained monetary damages as a result of Defendant's breach of the City of Seattle CWA.

36. Plaintiff OMA will also continue to suffer additional monetary damages as a result of Defendant's breach of the Sound Transit PLA as OMA continues to incur prejudgment interest and legal fees associated with the present lawsuit.

37. Plaintiff OMA will also continue to suffer additional monetary damages as a result of Defendant's breach of the Port of Seattle PLA as OMA continues to incur prejudgment interest and legal fees associated with the present lawsuit.

38. Plaintiff OMA will also continue to suffer additional monetary damages as a result of Defendant's breach of the SCWA as OMA continues to incur prejudgment interest and legal fees associated with the present lawsuit.

39. Plaintiff OMA will also continue to suffer additional monetary damages as a result of Defendant's breach of the KCCWA as OMA continues to incur prejudgment interest and legal fees associated with the present lawsuit.

COMPLAINT - 7

CASE NO.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

40. Plaintiff OMA will also continue to suffer additional monetary damages as a result of Defendant's breach of the City of Seattle CWA as OMA continues to incur prejudgment interest and legal fees associated with the present lawsuit.

### VI. CLAIM FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

41. On or about December 3, 2021, during the term of the CBA, Defendant initiated a reduction and/or work stoppage as anticipated by the terms of the CBA.

26. Defendant's conduct is in violation of the CBA.

27. Plaintiff OMA has sustained monetary damages as a result of Defendant's breach of the CBA.

28. Plaintiff OMA will also continue to suffer additional monetary damages as a result of Defendant's breach of the CBA as OMA continues to incur prejudgment interest and legal fees associated with the lawsuit.

29. Plaintiff OMA has exhausted its available remedies under the CBA by demanding arbitration. Defendant declined to engage in arbitration proceedings.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff OMA prays for judgment against the Defendants as follows:

A. Any and all damages, costs, losses, and expenses incurred by OMA as a result of Defendants' actions in breach of contract.

B. OMA's costs of suit herein.

C. Declaratory and affirmative equitable relief.

D. OMA's reasonable attorneys' fees in an amount to be determined by the Court.

E. Such other and further relief as the Court may deem just and proper.

COMPLAINT - 8
CASE NO.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

| | |
|---|---|
| November 14, 2022 | */s/ Ryan P. Hammond*<br>Ryan P. Hammond, WSBA #38888<br><br>*/s/ Alyson D. Dieckman*<br>Alyson D. Dieckman, WSBA #57217<br>LITTLER MENDELSON, P.C.<br>One Union Square<br>600 University Street, Suite 3200<br>Seattle, WA  98101-3122<br>Phone:    206.623.3300<br>Fax:       206.447.6965<br>E-Mail:   rhammond@littler.com<br>              adieckman@littler.com<br><br>Attorneys for Plaintiff<br>OMA Construction, Inc. |

COMPLAINT - 9

CASE NO.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300